UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANCESCA HARON,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>ALBERTO GONZALES, *et al.*,<br><br>　　　　　　　Respondents. | CASE NO.  C05-1409-TSZ-MJB<br><br>REPORT AND<br>RECOMMENDATION |

## I. INTRODUCTION

Petitioner is a native and citizen of the United Kingdom who has been detained since September 2004 by the United States Immigration and Customs Enforcement ("ICE") pursuant to a final order of removal.  While in custody, petitioner has filed at least five habeas petitions, all of which have been either dismissed, transferred to the Ninth Circuit, or consolidated with other cases – leaving this case as the only remaining petition in this Court.[1]  Although the instant habeas petition and the consolidated habeas petition, C05-1542-MJP-MAT, contain language challenging petitioner's October 15, 1999, final order of removal, it appears that petitioner is really challenging

---

[1] 04-2509-TSZ-MAT; 05-324-TSZ-JPD; 05-1287-JCC; 05-1542-MJP-MAT; and 05-1409-TSZ-MJB.

REPORT AND RECOMMENDATION
PAGE – 1

her detention and asks the Court to order her release. (Dkt. #7). Respondents contend that petitioner is properly and effectively subject to removal and detention pending removal and denies that petitioner is subject to the relief he requests. (Dkt. #12).

## II. BACKGROUND

Petitioner is a native and citizen of the United Kingdom.[2] She initially sought entry into the United States in 1999 based on a claim of asylum. Petitioner failed to appear at her asylum hearing and was ordered removed in absentia on October 15, 1999. Five years later, petitioner was discovered in the United States and was taken into immigration custody. Petitioner filed a motion to reopen her previous asylum application. The Immigration Judge ("IJ") denied her motion to reopen, finding that she had abandoned her previous application when she failed to appear for her hearing. Petitioner then filed a new application for asylum. On March 15, 2005, a merits hearing was held on petitioner's asylum claim, and on March 22, 2005, the IJ issued a decision denying petitioner's claim. According to respondents, petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which denied her appeal on July 27, 2005. (Dkt. #12 at 2). Petitioner is now subject to a final order of removal and is being detained pursuant to that order. *Id.*

On August 29, 2005, petitioner filed the instant habeas petition. (Dkt. #7). Respondents filed their Return and Status Report and Motion to Dismiss on September 28, 2005. (Dkt. #12). Petitioner filed a response on October 28, 2005. (Dkt. #14). Respondents did not file a reply. The briefing is now complete and the habeas petition is ready for review.

## III. DISCUSSION

---

[2]The relevant facts are summarized above for the purposes of this habeas petition. A more complete recitation of the facts can be found in the Report and Recommendation ("R&R"), Dkt. #38, Case No. C05-2509-TSZ-MAT. The Administrative Record was also filed in connection with this prior habeas petition; all references to facts set forth in the R&R are supported with citations to the record.

REPORT AND RECOMMENDATION
PAGE – 2

The REAL ID Act, enacted on May 11, 2005, stripped the U.S. district courts of jurisdiction to hear habeas petitions that challenge final orders of removal. In pertinent part, the Act provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act.

8 U.S.C. § 1252(a)(5). Pursuant to the REAL ID Act, claims by petitioner in which she challenges her final order of removal or otherwise seeks to prevent her removal may not be considered in this habeas corpus action. Nonetheless, her separate claim that she is entitled to release from detention pending removal is properly before the district court. *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 2504, 150 L. Ed. 2d 653 (2001).

The post-removal-detention statute, INA § 241(a), 8 U.S.C. § 1231(a), provides for the mandatory detention of aliens awaiting removal from the United States for an initial period of three months. This three months may be followed by an additional three months discretionary detention during which detention remains presumptively valid. *Zadvydas*, 121 S. Ct. at 2505.

In *Zadvydas*, the Supreme Court explained that after this six-month period, the alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* Nonetheless, the six month presumption "does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* The petitioner has the burden of coming forward with "good reason to believe there is no reasonable likelihood of removal in the reasonably foreseeable future." *Id.* Then the burden shifts to respondents to produce evidence which could rebut petitioner's showing. *Id.*

REPORT AND RECOMMENDATION
PAGE – 3

Respondents argue that petitioner has failed to meet her burden of showing that it is unlikely ICE will be able to effect her removal in the reasonably foreseeable future. Respondents contend that ICE has already obtained petitioner's passport from the British consulate and that petitioner is clear to be removed to the United Kingdom. (Dkt. #12 at 3-4). Respondents note that petitioner's removal has been delayed by her petition for review of her removal order, filed with the Ninth Circuit, which issued a stay of removal pending its review. Respondents argue that this stay of removal is the only reason for her continued detention and delay in removal.

The Court agrees. Petitioner has made no showing that her removal is not practically attainable. While petitioner's detention has been lengthy, its length is attributable to the fact that petitioner has filed five habeas petitions as well as sought petitions for review in the Ninth Circuit, challenging decisions by the Immigration Court and the BIA regarding her removal. Additionally, petitioner has sought and received numerous judicial stays of her removal in pursuing claims in this Court and with the Ninth Circuit. As a Connecticut district court recently held, a "'self-inflicted wound cannot be grounds for [a] *Zadvydas* claim.'" *Thelemaque v. Ashcroft*, 363 F. Supp. 2d 198, 219 (D. Conn. 2005)(citations omitted)(denying *Zadvydas* claim where "'petitioner's own actions – not the government's inability to deport him – have resulted in his continued detention during the past five years, during which time he has filed motions and/or appeals with the administrative courts, Second Circuit, and district court, with corresponding requests for stays of removal.'"). In light of the fact that petitioner's own actions in seeking judicial review of her removal are the reason for her continued detention, the Court recommends that petitioner's habeas petition be denied. *See Zadvydas*, 121 S. Ct. at 2505 (petitioner must "provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.").

IV. CONCLUSION

REPORT AND RECOMMENDATION
PAGE – 4

For the foregoing reasons, the Court should DENY petitioner's Petition for Writ of Habeas Corpus and dismiss this case. A proposed order accompanies this Report and Recommendation.

DATED this 7th day of November, 2005.

*/s/ M. J. Benton*

MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 5